IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ARTHUR HIRSCH,<br>　　　Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>)<br>) | Civil Action No. 1:14-CV-106<br>Jury Trial Demand |
| PATRICIA MCGUIRE, et al.,<br>　　　Defendants. | )<br>) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WAYNE SELLERS' MOTION FOR PARTIAL DISMISSAL

Defendant, Wayne Sellers, pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1, submit the following Memorandum of Law in Support of Motion to Dismiss.

### STATEMENT OF ALLEGATIONS IN THE COMPLAINT

The only allegations as to defendant Wayne Sellers are that Captain Sellers failed to properly train and supervise Sergeant Reed. [Complaint, D.E. 1, ¶¶ 31. – 3.12]. There are no allegations that Captain Sellers did anything personally to violate plaintiff's rights.

1

## ARGUMENT

I.  STANDARD OF REVIEW FOR MOTIONS UNDER RULE 12(B).

A motion to dismiss tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's allegations are true and determine whether the complaint states a valid claim for relief. *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679. In addition, "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* Thus, "a

court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

Defendant Wayne Sellers submits that plaintiff has failed to state claims for relief, as set forth more fully below, and thus dismissal is proper.

II. CAPTAIN WAYNE SELLERS IS NOT LIABLE AS A SUPERVISORY EMPLOYEE.

A plaintiff pursing a liability claim under 42 U.S.C. § 1983 against supervisory officials cannot rely on any type of *respondeat superior* theory. *Respondeat superior* is not a basis for imposing liability on supervisory officials under Section 1983 for actions taken by alleged tortfeasors whom they supervise. *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A supervisor is not liable under § 1983 on any theory of liability unless the supervisor encouraged the specific incident or in some way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982); *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993); *Everson v. Leis*, 556 F.3d 484 (6th Cir. 2009); *Cardinal v. Metrish*, 564 F.3d 794 (6th Cir. 2009); *Lee v. The Metropolitan Government of Nashville and Davidson County*,

3

2008 WL 501327 (M.D. Tenn. 2008); *Baker v. Tennessee Department of Corrections*, 2010 WL 2266455 (M.D. Tenn. 2010). There has to be proof that there was a culpable state of mind – that the action or failure to act was to some degree deliberate rather than inadvertent. *Lee, supra* at * 7; *Baker, supra*, at *2-3.

To succeed, plaintiff must show that there was an inadequacy of such proportions such that there was deliberate indifference on the part of the supervisory officials. *Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir. 2002), *cert. denied*, 537 U.S. 1232, 155 L.Ed.2d 196, 123 S.Ct. 1356 (2003); *Lynn v. City of Detroit*, 98 Fed. Appx. 381, 385 (6th Cir. 2004); *Baker, supra*, at * 3.

In addition, a plaintiff suing officials under section 1983 must be able to point to some type of "causal connection between the misconduct complained of and the official sued." *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992); *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1983).[1] Such a causal connection can be established when there is such widespread abuse that the occurrences of abuse are "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Doe, supra* 296 F.3d at at pg. 431; *Lynn, supra* 98 Fed. Appx. at pg. 385 (must be a showing of "strong likelihood" of unconstitutional conduct).

The only allegations directed against Captain Sellers are vague, unsupported and conclusory claims that Captain Sellers did not properly supervise Sergeant Reed. There

---

[1] This is not to say that the official had to actually be there or participate in the alleged unconstitutional activity.

4

are no facts to support these conclusory statements.

All that plaintiff has alleged are "[t]hreadbare recitals of all the elements of a cause of action, supported by mere conclusory statements," which do not suffice to state a claim for relief. *Ashcroft, supra* 556 U.S. at 678. The allegations fall far short of what is required to allege supervisory liability. There are no facts to support plaintiff's statements (other than plaintiffs' conclusory averments) that defendant Wayne Sellers improperly supervised Sergeant Reed. There is certainly nothing to suggest that there was such "widespread abuse that the occurrences of abuse are "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Doe, supra*; *Lynn, supra* (must be a showing of "strong likelihood" of unconstitutional conduct).

Defendants Wayne Sellers is thus entitled to be dismissed from all claims.

## CONCLUSION

Based on the foregoing, defendant Wayne Sellers submits that the Complaint against him should be dismissed.

---

Plaintiff must show a causal relationship between the alleged actions of the supervisor and the injury.

5

Respectfully submitted,
ROBERT E. COOPER, JR. 10934
Attorney General and Reporter

S/Dawn Jordan
DAWN JORDAN, BPR 20383
REBECCA LYFORD, BPR 6912
Senior Counsel
Civil Rights and Claims Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-2500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Defendant Wayne Sellers' Motion to Dismiss been filed electronically and may be accessed through the Court's electronic filing system. The following will receive a copy via first class, postage prepaid mail:

Arthur Jay Hirsch
1029 W. Gaines Street
Lawrenceburg, TN 38464

on this 3rd day of September, 2014.

S/Dawn Jordan
DAWN JORDAN