# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ARTHUR JAY HIRSCH, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   CASE NO. 1:14-cv-00106 |
| v. | )   HAYNES |
| | ) |
| JUDGE PATRICIA B. McGUIRE, | ) |
| DISTRICT ATTORNEY GENERAL | ) |
| MIKE C. BOTTOMS, et al. | ) |
| | ) |
|    Defendants. | ) |

## MOTION TO DISMISS
## FILED ON BEHALF OF DISTRICT ATTORNEY GENERAL BOTTOMS, ASSISTANT DISTRICT ATTORNEYS GENERAL BRENT COOPER, CHRISTI L. THOMPSON, JAMES WHITE and CALEB BAYLESS

Former District Attorney General Mike Bottoms, current District Attorney General Brent Cooper,[1] and Assistant District Attorneys General Christi Thompson, James White and Caleb Bayless ("Prosecutors") move to dismiss this claim pursuant to Fed.R.Civ. P. 12(b)(1) & (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. This Motion should be granted for the following reasons:

    1. The Eleventh Amendment bars any claim for relief against the Prosecutors in their official capacities. Further, the Prosecutors in their official capacities are not "persons" under 42 U.S.C. §1983.

    2. This case should be dismissed under the doctrine of abstention because it involves

---

[1] Brent Cooper is the newly elected District Attorney General for the 22nd Judicial District. Former District Attorney General Bottoms has retired.

1

plaintiff's on-going state criminal proceedings.

3. Plaintiff's allegations fail to state a claim against District Attorney General Bottoms in his leadership position. General Bottoms cannot be liable based upon *respondent superior*. Gross negligence does not give rise to liability under 42 U.S.C. § 1983.

4. The doctrine of prosecutorial immunity bars all claims against District Attorney General Bottoms, Assistant District Attorney Generals Thompson, Bayless, Cooper and White because all allegations involve prosecutorial functions.

5. Plaintiff fails to state a claim upon which relief can be granted against District Attorney General Bottoms, Assistant District Attorney Generals Thompson, White, Bayless and Cooper. There are no claims based upon violations of the Tennessee Constitution.

6. The doctrine of sovereign immunity bars all state law claims against these Prosecutors in their official capacities. Exclusive jurisdiction for claims against the State based upon the negligence of a state employee lies in the Tennessee Claims Commission. These Prosecutors would be absolutely immune from liability for actions taken within the scope of employment.

In support of this Motion, the Prosecutors rely upon the contemporaneously filed Memorandum in Support and Plaintiff's Motion for Continuance.[2]

Respectfully submitted,

ROBERT E. COOPER, JR., BPR # 010934
Attorney General and Reporter

---

[2] Reference to documents outside the pleadings does not convert a motion to dismiss into a motion for summary judgment. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); Fed. R.Civ. P. 10(c). Plaintiff's trial date was referenced in the Complaint and its timing is central to his claims.

   _S/Heather Ross_____  
   HEATHER ROSS, BPR#015644  
   Senior Counsel  
   Office of the Attorney General  
   P. O. Box 20207  
   Nashville, Tennessee 37202-0207  
   (615) 532-2500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded by U.S. Mail, first-class postage pre-paid, to:

Arthur Jay Hirsch  
1029 W. Gaines Street  
Lawrenceburg, TN  38464

on this __9__ day of September, 2014

   _S/Heather Ross_____  
   HEATHER ROSS