# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **ARTHUR JAY HIRSCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 1:14-cv-00106** |
| **v.** | ) | **HAYNES** |
| | ) | |
| **JUDGE PATRICIA B. McGUIRE,** | ) | |
| **DISTRICT ATTORNEY GENERAL** | ) | |
| **MIKE C. BOTTOMS, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
## FILED ON BEHALF OF DISTRICT ATTORNEY GENERAL BOTTOMS, ASSISTANT
## DISTRICT ATTORNEYS GENERAL BRENT COOPER, CHRISTI L. THOMPSON,
## JAMES WHITE and CALEB BAYLESS

### FACTS

Plaintiff sues former District Attorney General Mike Bottoms, current District

Attorney General Brent Cooper,[1] and Assistant District Attorneys General Christi Thompson,

James White and Caleb Bayless ("Prosecutors") for money damages, claiming that his civil

rights were violated.  Complaint, *generally*.  He alleges that the state court lost jurisdiction over

his criminal case when it failed to timely conduct a preliminary hearing.  *Id.*  Plaintiff alleges

that General Thompson argued in favor of jurisdiction during the April 11, 2014 hearing (¶¶

4.78-4.79; 5.13; 5.17) and that General White represented the State in the April 28, 2014 hearing

(¶ 4.88).  Allegations against General Bottoms and General Cooper are that they expedited

plaintiff's prosecution (¶ 4.68; 4.70).  However, it appears that General Bottoms is named as a

1

defendant merely because he supervises the Assistant District Attorneys General. Complaint p. 42 l. 27. Like General Cooper and General Bayless, there are no specific allegations of any actions taken by him. *Complaint*, generally.

Plaintiff alleges that, by participating in the prosecution of him when there was allegedly no jurisdiction, these Prosecutors violated his constitutional rights and his rights under the Tennessee Constitution. Complaint, generally. He seeks money damages. Complaint p. 51.

## LAW

### 1. The Eleventh Amendment bars any claim for relief against these Prosecutors in their official capacities. Further, these Prosecutors in their official capacities are not "persons" under 42 U.S.C. §1983.

Under the Eleventh Amendment, the State, its agencies, and its officers, sued in their official capacities, are immune from suit.

The Eleventh Amendment of the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

42 U.S.C. § 1983 does not provide a forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the state has waived its immunity or Congress has exercised its power to override that immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989).

---

[1] Brent Cooper is the newly elected District Attorney General for the 22nd Judicial District. Former District Attorney General Bottoms has retired.

2

Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing §1983. *Quern v. Jordan*, 440 U.S. 332 (1979).

Further, to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the Constitution or law of the United States by a person acting under color of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied*, 502 U.S. 1032 91992). The state is not a "person" and thus, cannot be sued under §1983. *Will, supra* at 67. A suit against a state agency or an individual in his official capacity is a suit against the State. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Thus, neither state agencies nor state officials sued in their official capacities are "persons" subject to suit under §1983. *See Will, supra* at 71.

The Prosecutors are state employees. Tenn. Code Ann. § §8-42-101(a)(3) & 8-7-201. Therefore, following the analysis above, this Complaint against all of these Prosecutors in their official capacities should be dismissed.

**2. This case should be dismissed under the doctrine of abstention because it involves plaintiff's on-going state criminal proceedings.**

It is a basic tenet of comity and federalism that federal courts refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750-55, 77 L.Ed.2d 669 (1971). The *Younger* doctrine is designed "to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43, 91 S.Ct. at 750.

The proper time for determining the applicability of *Younger* abstention is when the federal complaint is filed. *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986). The Court should look to three factors when determining whether *Younger* abstention is appropriate: (1) whether there is an ongoing state judicial proceeding; (2) which implicates an important state interest; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Middlesex County Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521 (1982); *see also Tesmer v. Granholm*, 295 F.3d 536, 540 (6th Cir. 2002); *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The plaintiff bears the burden of proving that he cannot present his constitutional challenge in state court. *Fieger*, 74 F.3d at 746. Further, *Younger* requires exhaustion of state remedies before instituting a constitutional challenge in court. *Tesmer*, 295 F.3d at 542.

In Tennessee, constitutional issues may be presented at any time during the proceedings. *Cooper*, 203 F.3d at 955 and *see Tennessee v. Draper*, 800 S.W.2d 489, 497 (Tenn.Crim.App. 1990); *Sneed v. State*, 872 S.W.2d 930 (Tenn. Crim. App 1993). Constitutional questions may be raised on appeal, even though appellate courts generally only review questions presented to the trial court. *Veach v. Tennessee*, 491 S.W.2d 81, 83 (Tenn. 1973).

The statute of limitations is an affirmative defense which must be addressed in the state criminal court proceeding or it is waived. *State v. Pearson*, 858 S.W.2d 879, 887 (Tenn. 1993). Thus Plaintiff's argument that his prosecution is time-barred because defendants did not act within the time frame set forth in the criminal rules should be raised in state court.

Any alleged constitutional or other state law questions may be and should be addressed in

4

state criminal court. Tenn. Code Ann. § 40-31-101, et. seq. Plaintiff admits he was indicted. Complaint ¶ 4.94. Plaintiff's criminal matter is on-going –his trial did not go forward as alleged on August 28, 2014. *Id*. ¶ 4.95. (*See* Plaintiff's Motion Requesting Continuance, attached[2]). Moreover, plaintiff has not shown that he cannot present his arguments in criminal court or in the Court of Criminal Appeals. The instant federal complaint is precisely the type of lawsuit from which the *Younger* doctrine mandates federal abstention. By this action, plaintiff asks this Court to order money damages against the prosecutors who were involved in an on-going criminal matter. He requests the federal court to direct dismissal of his on-going state criminal court prosecution. The *Younger* doctrine meant to curtail this type of federal interference.

All issues raised in this Complaint must be raised in state criminal court. Therefore, following *Younger* and its progeny, the federal court should abstain and dismiss this Complaint in its entirety.


**3. Plaintiff's allegations fail to state a claim against District Attorney General Bottoms in his leadership position. General Bottoms cannot be liable based upon *respondent superior*. Gross negligence does not give rise to liability under 42 U.S.C. § 1983.**

Plaintiff concedes that District Attorney General Bottoms is sued in "his leadership role." Complaint p. 42, l. 27. He was allegedly grossly negligent. *Id*.

Supervisors cannot be held liable under §1983 solely on the basis of *respondeat superior*, that is, solely for being in a supervisory position. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*,

---

[2] Reference to documents outside the pleadings does not convert a motion to dismiss into a motion for summary judgment. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th

Case 1:14-cv-00106   Document 22   Filed 09/09/14   Page 5 of 12 PageID #: 140

423 U.S. 658, 694,98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1976); *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir.2008); *Wilson v. Beebe*, 612 F.2d 275, 276 (6th Cir. 1980). The plaintiff must allege and prove that a defendant official was personally involved in some manner in the alleged unconstitutional activity set out in the complaint. *Bellamy v. Bradley*, 729 F.2d 416,421 (6th Cir. 1984); *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1983). Plaintiff must show that the supervisor personally participated in the alleged wrongdoing, *Wilson*, 612 F.2d at 276.

Moreover, liability under §1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Grinter*, 532 F.3d at 576 (failure to supervise and failure to act does not subject supervisors to liability under §1983).

Last, negligence alone, even gross negligence, does not support a cause of action under §1983. *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986); *Lewellen v. Metro. Govern. Nashville & Davidson Co.*, 34 F.3d 345 (6th Cir. 1994), *cert denied*, 11 S.Ct. 903 (1995).

Plaintiff does not assert that General Bottoms participated in any specific act of wrong-doing. Instead, he clarifies that General Bottoms is sued in his leadership role. Under the analysis above, such allegations fail to state a claim against him. Therefore, this Complaint against General Bottoms should be dismissed in its entirety.

---

Cir. 1997); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); Fed. R.Civ. P. 10(c). Plaintiff's trial date was referenced in the Complaint and its timing is central to his claims.

**4.  The doctrine of prosecutorial immunity bars all claims against District Attorney General Bottoms, Assistant District Attorney Generals Thompson, Bayless, Cooper and White because all allegations involve prosecutorial functions.**

The doctrine of prosecutorial immunity bars claims against prosecutors for performing their prosecutorial functions.  "[A] prosecutor enjoys absolute immunity from § l983 suits for damages when he acts within the scope of his prosecutorial duties."  *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 99, 47 L.Ed.2d 128 (l976).  Absolute immunity is available to prosecutors because the Court fears that exposing a prosecutor to § l983 lawsuits growing out of his official activity would divert "his energy and attention ... from the pressing duty of enforcing the criminal law." *Id.* at 425, 96 S.Ct. at 992.   Absolute immunity shields a prosecutor from exposure to lawsuits, not just liability. "[T]he rationale for granting absolute immunity is 'as much to protect the relevant persons from a trial on their actions as it is to protect them from the outcome of the trial.'" *McSurely v. McClellan*, 697 F.2d 309, 315 (D.C.Cir. l982) (quoting *Briggs v. Goodwin*, 569 F.2d 10, 59 (D.C.Cir. l977) (Wilkey, J., concurring), *cert. denied*, 437 U.S. 904, 98 S. Ct. 3089, 57 L.Ed.2d 113 (l978).  The decision to prosecute, "even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*." *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir. l986).

Since *Imbler,* the doctrine of prosecutorial immunity has broadened beyond merely "initiating a prosecution and … presenting the State's case." *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (quoting *Imbler*, 424 U.S. at 431).  Prosecutorial immunity applies to "any activities taken in connection with [one's] duties in functioning as a prosecutor." *Id.* (citations omitted).  For example, in *Skinner*, the court held that a prosecutor had absolute immunity when he was sued after seeking garnishment of the plaintiff's prison wages to pay for

7

appeals costs at the conclusion of a criminal case, even though this occurred after the plaintiff's sentencing and after the adversarial matters of the courtroom were settled. *Id.* The court stated this was "a paradigmatic act of advocacy on behalf of the State, as the pursuit of costs at the conclusion of litigation is a function ordinarily performed by an attorney acting on behalf of a client and thus is an integral part of the litigation itself." *Id.*

Absolute immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously. In *Spurlock v. Thompson*, 330 F.3d 791 (6th Cir. 2003), the Sixth Circuit explained that "even the knowing presentation of false testimony at trial is protected by absolute immunity." *Id.* at 797. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986)(immunity protects use of perjured testimony and the non-disclosure of exculpatory information). Absolute immunity shields a prosecutor from exposure to lawsuits, not just liability. "[T]he rationale for granting absolute immunity is 'as much to protect the relevant persons from a trial on their actions as it is to protect them from the outcome of the trial.'" *McSurely v. McClellan*, 697 F.2d 309, 315 (D.C. Cir. l982) (quoting *Briggs v. Goodwin*, 569 F.2d 10, 59 (D.C. Cir. l977) (Wilkey, J., concurring), *cert. denied*, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 113 (l978).

The doctrine of absolute immunity protects a prosecutor from state tort claims as well. "[S]ince the same immunity is applied in § 1983 actions as is applied in common law actions, the decisions in those cases - such as *Imbler* - which involve prosecutorial immunity under § 1983 are equally applicable to common law actions . . ." *Willett v. Ford*, 603 S.W. 2d 143, 147 (Tenn.App. 1979). *See also Shell v. State*, 893 S.W.2d 416, 421 (Tenn. 1995) (prosecutors are immune for malicious prosecution under § 1983 and under state common law).

8

Allegations of a conspiracy do not remove otherwise protected prosecutorial actions from the ambit of absolute immunity. *Alioto v. City of Shively, KY*, 835 F.2d 1173, 1174 (6th Cir. 1987). *See also Dory v. Ryan*, 25 F.3d 81, 83 (2nd Cir. 1994)(absolute immunity for prosecutors includes alleged conspiracy to present false evidence at a criminal trial.)

Plaintiff alleges that General Bottoms expedited plaintiff's prosecution (¶ 4.68) (as did General Cooper by not responding to a request for continuance (¶ 4.70); that General Thompson argued in favor of jurisdiction during the April 11, 2014 hearing (¶ ¶ 4.78-4.79; 5.13; 5.17;) and that General White represented the State in the April 28, 2014 hearing (¶ 4.88).

All of the alleged actions are prosecutorial functions. A prosecution, with or without probable cause, is clearly "a prosecutorial function," falling within the ambit of prosecutorial immunity. All of the other alleged actions pertain to that prosecution and in fact, were performed at the hearings in that prosecution. *See* Complaint, *generally*. Therefore, all claims for monetary damages against Generals Bottoms, Thompson, Cooper, White and Bayless should be dismissed as barred by the doctrine of absolute prosecutorial immunity.


**5.  Plaintiff fails to state a claim upon which relief can be granted against District Attorney General Bottoms, Assistant District Attorneys General Thompson, Bayless, Cooper and White.  There are no claims based upon violations of the Tennessee Constitution.**

A complaint is not sufficient to state a cause of action for constitutional violations if its allegations are conclusory. *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985). Some factual basis of unconstitutional conduct must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986).

Conclusory allegations are not to be taken as true for purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). As the Supreme Court explained:

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. . . . Nor does a complaint suffice if it tenders "naked assertions[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft.*129 S.Ct. at 1948, 1950.

Tennessee Courts do not recognize a private cause of action for money damages for a violation of the Tennessee Constitution by a state officer. *Lee v. Ladd*, 834 S.W.2d 323, 325 (Tenn.App. 1992) (perm. to appeal denied 1992); *see also Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). There is no state remedial statute, such as 42 U.S.C. § 1983, for violations of the federal constitution. The Tennessee courts "have not extended the rationale of *Bivens* to give a state cause of action against a police officer for violating a person's civil rights." *Lee*, 834 S.W.2d at 325.

Plaintiff does not allege any action against Generals Bottoms, Thompson, Cooper, and Bayless and other than actions taken that fall within the ambit of prosecutorial immunity. He has failed to state anything more than "naked assertions," conclusory allegations that fail to state or prove a constitutional claim against these prosecutors. There are no recognizable claims under the Tennessee Constitution. Therefore, this Complaint should be dismissed in its entirety against these Prosecutors for this reason as well.

**6. The doctrine of sovereign immunity bars all state law claims against these Prosecutors in their official capacities. Exclusive jurisdiction for claims against the State based upon the negligence of a state employee lies in the Tennessee Claims Commission. These Prosecutors would be absolutely immune from liability for actions taken within the scope of employment.**

10

Under Tennessee law, suits against the State of Tennessee, its agencies and its agents in their official capacities are barred by the doctrine of sovereign immunity. Tenn. Const. Art. I § 17; Tenn.Code Ann. §20-13-102. *See also Webster v. Tennessee Bd. of Regents*, 902 S.W.2d 412 (Tenn.App. 1995)(perm. to appeal denied 1995) and *Cox v. State*, 399 S.W.2d 776, 778 (Tenn. 1965)(an action against State officials in their official capacities is deemed to be a suit against the State.).

Article I §17 permits suits against the State only as directed by the Legislature. The Legislature has granted exclusive jurisdiction of certain claims against the State to the Tennessee Claims Commission, not this Court. Tenn. Code Ann. §9-8-307. Moreover, as state employees, these prosecutors are absolutely immune from liability for any alleged negligent acts or omissions taken within the scope of his employment. Tenn. Code Ann. § 9-8-307(h).

As stated above, these Prosecutors are state employees and Plaintiff seeks monetary relief. Thus, the doctrine of sovereign immunity bars this claim for monetary damages against them in their official capacities. As state employees, these Prosecutors are immune from liability for alleged negligence. For these reasons, any alleged state law claims against these Prosecutors should be dismissed.

## CONCLUSION

For all the reasons set forth above, this Complaint should be dismissed in its entirety against former District Attorney General Bottoms, current District Attorney General Cooper, and Assistant District Attorneys General Thompson, White and Bayless.

Respectfully submitted,

ROBERT E. COOPER, JR., BPR # 010934
Attorney General and Reporter

11

_S/Heather Ross_____

HEATHER ROSS, BPR#015644
Senior Counsel
Office of the Attorney General
P. O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-2500


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded by U.S. Mail, first-class postage pre-paid, to:

Arthur Jay Hirsch
1029 W. Gaines Street
Lawrenceburg, TN 38464

on this __9__ day of September, 2014

__S/Heather Ross_____
HEATHER ROSS