IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

RECEIVED
IN CLERK'S OFFICE

SEP 3 0 2014

U.S. DISTRICT COURT
MID. DIST. TENN.

Arthur Jay Hirsch,                          )
                                            )
            *Plaintiff,*                     )
                                            )
vs.                                         )        Case No. I:14-cv-00106
                                            )
PATRICIA B. McGUIRE,                        )        Chief Judge William J. Haynes, Jr.
        in her individual capacity, and     )
MIKE C. BOTTOMS,                            )
        in his individual capacity, and,    )
CALEB BAYLES,                               )
        in his individual capacity, and     )
BRENT COOPER,                               )
        in his individual capacity, and     )
CHRISTI L. THOMPSON,                        )
        in her individual capacity, and     )
JIM WHITE,                                  )
        in his individual capacity, and     )
JEFF REED,                                  )
        in his individual capacity, and     )
WAYNE SELLERS,                              )
        in his Official Capacity as         )
        Tenn. Highway Patrol District 7     )
        Commander,                          )
                                            )
            *Defendants.*                    )
_____/

## AMENDED VERIFIED COMPLAINT
## TRIAL BY JURY DEMANDED

### I
### PREAMBLE

Arthur Jay Hirsch (hereinafter "Plaintiff"), aggrieved party *pro se,*[1] amends plaintiff's

---

[1]

*PRO SE* PLEADING. Plaintiff is not learned in the law, therefore, plaintiff has had to "self-educate," learning the knowledge of decisions of the United States Supreme Court, specifically, Haines v. Kerner, 404 U.S. 519 (1972); further, plaintiff respectfully requests the Court to take notice that a complaint, "however inartfully pleaded, *pro se*

VERIFIED COMPLAINT in its entirety and brings this AMENDED VERIFIED COMPLAINT

forward requesting the Court to issue its ORDER to enforce federal civil rights laws[2] and remedies

for common law torts allegedly violated by defendants' willful acts and omissions in defendants'

individual capacities outside of defendants' official capacities and jurisdiction, and for declaratory

judgment.[3]  Defendants' said willful acts and omissions have caused plaintiff to be deprived of

plaintiff's rights, privileges, and immunities secured by the United States Constitution and laws, and

have caused plaintiff injury and are, therefore,  liable for damages, and/or for civil injunctive or

declaratory relief; whereas, plaintiff's expectation of fair and honest public administration of justice

has allegedly been actively denied.

### SOLE PURPOSE OF GOVERNMENT

*Pro se* plaintiff asserts that individual unalienable (natural) rights are paramount and are to

be safeguarded by government which is its sole object and only legitimate end as clearly stated in

the Declaration of Independence, *to wit*:

> ". . .WE hold these Truths to be self-evident, that all Men are created equal, that they
> are endowed by their Creator with certain unalienable Rights, that among these are
> Life, Liberty and the Pursuit_of Happiness—That to secure these Rights,
> Governments are instituted among Men, deriving their just powers from the consent
> of the governed. . ."

Plaintiff asserts that since society is composed of individuals, it follows that protection of

---

complaints should be held to less stringent standards than formal pleadings drafted by lawyers;" and, quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957), notes that  "[A] *pro se* plaintiff's pleadings should be liberally construed to do
substantial justice." United States v. Garth, 188 F.3d 99, 108 (3d Cir.1999).

2

28 U.S.C. § 1343.  Civil rights and elective franchise.
42 U.S.C. § 1983.  Civil action for deprivation of rights.
42 U.S.C. § 1985.  Conspiracy to interfere with civil rights.
42 U.S.C. § 1988.  Proceedings in vindication of civil rights.

3

28 U.S.C. § 2201. Declaratory Judgment.

Case 1:14-cv-00106   Document 27   Filed 09/30/14   Page 2 of 34 PageID #: 181

plaintiff's individual constitutionally secured rights arguably becomes part of the public and the government's interest and the federal civil rights laws enacted thereby.

## II
## TRIAL BY JURY DEMAND

Plaintiff demands by right a trial by jury pursuant to the Seventh Amendment to the United States Constitution where the jury has the power to decide both facts and law. Similarly, the Tennessee Constitution recognized the jury's right to decide both fact and law in Article I, § 19

> ". . . the jury shall have a right to determine the law and the facts, under the direction of the court, as in other criminal cases. . . "

Plaintiff asserts that this civil case qualifies for a Seventh Amendment trial by jury because the claim is greater than $20.00 (now $75,001.00), and it is legal in nature.

John Adams described the place of the jury in the system of government:
"As the Constitution requires that the popular branch of the legislature should have an absolute check, so as to put a peremptory negative upon every act of the government, it requires that the common people, should have as complete a control, as decisive a negative, in every judgment of a court of judicature."

## III
## NINTH AMENDMENT – RIGHT TO A REMEDY

Plaintiff asserts plaintiff's unenumerated right under the Ninth Amendment to the United States Constitution to a remedy decided by a jury for alleged violations of plaintiff's constitutionally secured rights to due process and to equal protection of the laws by defendants in their official capacities acting outside their constitutional authority should the "absolute immunity" doctrine be applied in this case by the Court.

## IV

## JURISDICTIONAL ALLEGATIONS

## <u>SUBJECT MATTER JURISDICTION</u>

1.      1. This Court has jurisdiction which arises under authority of the U.S. Constitution, Article

2.      III, Section 2.[4]

3.      2. This Court has federal question jurisdiction which arises pursuant to 28 U.S.C. § 1331[5]

4.      and 28 U.S.C. § 2201.

5.      3. This Court has subject matter jurisdiction.

6.      ### <u>*IN PERSONAM* JURISDICTION</u>

7.      4. This Court has *in personam* jurisdiction because plaintiff and all defendants live in

8.      Lawrence County, or in counties within the 22nd Judicial Districts of Tennessee which are part of

9.      the Middle District of Tennessee for the Federal Sixth Circuit at all times relevant to this cause.

10.     5. This Court has *in personam* jurisdiction.

11.     ## V

12.     ## GENERAL FACTUAL ALLEGATIONS

13.     ## (Pertaining to COUNT 1)

14.     ## RE. DEFENDANT JEFF REED

15.

---

[4]

"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority. . ."
*U.S. Constitution, Article III, Section 2 (in pertinent part)*

[5]

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *28 U.S.C. § 1331*

1                           **POLICE ENCOUNTER**

2         6. On or about December 10, 2013 at approximately 1:00 p.m. plaintiff parked plaintiff's

3 pickup truck in the Kroger grocery store parking lot in Lawrenceburg, Tennessee and walked towards

4 said store.

5         7. Defendant JEFF REED (hereinafter "REED"), employed as a trooper with the Tennessee

6 Highway Patrol (hereinafter "THP"), pulled into the Kroger parking lot and parked defendant's

7 patrol car behind plaintiff's truck.

8         8. Defendant REED did not activate defendant's patrol car blue lights.

9         9. Defendant REED called plaintiff over to defendant's patrol car.

10        10. Defendant REED was dressed in uniform but did not identify defendant or defendant'

11 police authority to plaintiff when plaintiff came over to defendant's patrol car.

12             **ALLEGED PROBABLE CAUSE FOR TRAFFIC STOP**

13                      (Facts of probable cause to be decided by jury)

14        11. Defendant REED testified under oath on April 28, 2014 that said encounter with plaintiff

15 was a "traffic stop."

16        12. Defendant REED testified under oath on April 28, 2014 that defendant had observed that

17 plaintiff's pickup truck lacked a front license plate which defendant REED alleged the law required

18 and was the "probable cause" for stopping plaintiff in said parking lot.

19        13. Plaintiff's truck was not in a category that required a front license plate, therefore no valid

20 probable cause existed for said traffic stop.  (See T.C.A. § 55-4-110(a))

21        14.  Plaintiff not having a front license plate on plaintiff's truck was not a crime or an

22 arrestable offense.

1    15. Defendant REED testified under oath on April 28, 2014 that plaintiff's rear license plate

2    was not illegal to have on plaintiff's truck.

3    16. Plaintiff's display of plaintiff's rear truck license plate is not an arrestable offense.

4    **CUSTODIAL INTERROGATION INITIATED**

5    (Fact of whether interrogation was custodial to be determined by jury)

6    17. Defendant REED initiated a custodial interrogation concerning plaintiff's truck license

7    plate when plaintiff came over to defendant's patrol car.

8    18. Defendant REED walked up to plaintiff's truck's rear license plate, took defendant's hat

9    off, bent down low and put defendant's face up close to said license plate to read it since he

10   apparently could not discern what was printed thereon from the patrol car.

11   19. Defendant REED was wearing glasses.

12   20.  Defendant REED started questioning plaintiff about plaintiff's political orientation and

13   affiliation with a so-called "sovereign"fringe  group and began a custodial interrogation.

14   21. Plaintiff knew nothing about said group.

15   **IN "CUSTODY"**

16   (Fact of whether plaintiff was  in "custody" to be decided by jury)

17   22. Defendant REED's tone of interrogation was negative with respect to plaintiff's possible

18   political affiliations which indicated to plaintiff that plaintiff was in "custody" and deprived of

19   plaintiff's right to liberty and freedom of movement.

20   23.  Defendant REED's three backup uniformed  law enforcement officers' sudden

21   appearance on the scene further deprived  plaintiff's personal liberty to leave putting plaintiff in

22   custody to a significant degree associated with a formal arrest.

Case No. 1:14-cv-000106              *Hirsch v. McGUIRE, et al*              Page  6 of 34

1    24. Plaintiff's truck was blocked from behind by defendant REED's patrol car and was

2    guarded in front by another circling patrol car ensuring custody and depriving plaintiff of plaintiff's

3    constitutionally secured right to freedom of movement.

4                            **PLAINTIFF'S RIGHTS OF CONSCIENCE**

5    25. In response to defendant REED's questions about the so-called "sovereign" fringe group,

6    plaintiff told defendant REED that plaintiff was a servant of Jesus Christ and strove to lived by

7    God's revealed will, the Bible.

8    26. Plaintiff asserted that plaintiff holds Bible-based deeply held religious beliefs for which

9    plaintiff's conscience forbids plaintiff to use a social security number similar to other historical

10    religious conscientious objectors like the Amish.

11    27. Plaintiff told defendant REED that plaintiff was legally severed from a social security

12    account number and from all future benefits associated therewith.

13    28. Plaintiff told defendant REED during the custodial interrogation that because of

14    plaintiff's deeply held religious beliefs regarding the non-use of a social security account number

15    that plaintiff could not in good conscience before God apply for and obtain a drivers license,

16    registration or insurance.

17    29. Later, after plaintiff's warrantless arrest described below, defendant REED cited plaintiff

18    for not having the above social-security-number-linked documents and violated plaintiff's religious

19    rights of conscience.[6]

20    30. Plaintiff was held against plaintiff's will and was not at liberty to turn and walk away or

---

[6]

Tennessee Constitution, Article I, § 3. Freedom of worship
That all men have a natural and indefeasible right to worship Almighty God according to the dictates of their own conscience. . . **that no human authority can, in any case whatever, control or interfere with the rights of conscience**. . ."

Case 1:14-cv-00106   Document 27   Filed 09/30/14   Page 7 of 34 PageID #: 186

1    to drive away from defendant REED from the outset of defendant REED's custodial interrogation.

2                    **FAILURE TO GIVE MIRANDA WARNING**

3              (Fact of "custody" for <u>Miranda</u> warning purposes to be determined by jury)

4        31. Plaintiff infers from the aforesaid totality of circumstances that plaintiff was in "custody"

5    for <u>Miranda</u> purposes.

6        32. Defendant REED failed to give plaintiff the required <u>Miranda</u> rights warning and

7    advisement prior to initiating defendant's custodial interrogation as required by law.

8                         **RIGHTS DEPRIVATION**

9              (Facts of deprivation of civil rights to be determined by jury)

10       33. Defendant REED knew or should have known that plaintiff had constitutionally secured

11   rights to protection against self-incrimination, to liberty, to due process, and to assistance of counsel,

12   and to equal protection of the laws when defendant willfully failed to give plaintiff the mandatory

13   <u>Miranda</u> warning.

14       34. Plaintiff alleges that defendant REED was in defendant's individual capacity when acting

15   outside clearly established law by failing to give plaintiff a custodial protective <u>Miranda</u> warning

16   and violated plaintiff's constitutionally secured rights under color of state law.

17              **INTIMIDATION AND COERCIVE ENVIRONMENT**

18       (Fact of whether intimidation and coercive environment existed to be decided by jury)

19       35. Plaintiff was subjected to intimidation and to a coercive environment which led to

20   plaintiff's involuntary confession to defendant REED's interrogation questions and  warrantless

21   arrest.

22

Case No. 1:14-cv-000106              *Hirsch v. McGUIRE, et al*              Page  8 of 34

1      **PSYCHOLOGICAL INTIMIDATION**

2          36. Plaintiff was fearful and psychologically intimidated by the close physical presence of

3    REED's two aforesaid armed backup law enforcement officers.

4          37. Plaintiff was intimidated during interrogation by said uniformed backup police officers'

5    hands-on-gun-belts postures, by their scowling faces and clenched teeth demeanor, and by the third

6    backup police officer circling the parking lot in his patrol car.

7      **INTIMIDATING ANONYMOUS INTERROGATOR**

8              (Fact of heightened intimidation to be determined by jury)

9          38. Defendant REED's backup THP trooper joined in with defendant REED's interrogation

10   by gruffly asking plaintiff questions about his suspected political affiliation with the so-called

11   "sovereign" fringe group.

12         39. Said backup THP trooper refused to give plaintiff his name or his badge number upon

13   plaintiff's request.

14         40. Said THP trooper's refusal to identify himself upon request added to the intimation and

15   plaintiff's fear and emotional distress.

16      **FEAR OF FALSE CHARGES**

17         41. Plaintiff feared the possibility of false charges being brought against plaintiff by the

18   several law enforcement officers conspiring together as an excuse for police brutality.

19      **INVOLUNTARY CONFESSION**

20              (Fact of whether plaintiff's confession was involuntary to be decided by jury)

21         42. After approximately 50 minutes of custodial interrogation defendant REED asked

22   plaintiff for any loaded firearms that plaintiff had in plaintiff's pickup truck without a permit.

Case No. 1:14-cv-000106                    *Hirsch v. McGUIRE, et al*                    Page 9 of 34

1      43. Plaintiff succumbed to defendant REED's intimidation and the aforesaid coercive

2 environment and, involuntarily through fear, confessed to defendant REED that plaintiff had a

3 loaded .22 cal. pistol in plaintiff's truck.

4 **WARRANTLESS SEARCH AND SEIZURE**

5      44. Defendant REED searched for and seized plaintiff's pistol from plaintiff's truck without

6 a search warrant, without probable cause for the traffic stop, without a Miranda warning prior to

7 initiating custodial interrogation, and obtained "probable cause" for plaintiff's arrest through

8 coercing an involuntary confession from plaintiff through intimidation.

9 **WARRANTLESS ARREST**

10      45. Defendant REED arrested plaintiff without an arrest warrant after seizing plaintiff's

11 pistol from plaintiff's pickup truck.

12 **NO MIRANDA WARNING – AGAIN**

13      46. Defendant REED willfully and knowingly failed to give plaintiff a Miranda warning upon

14 plaintiff's warrantless arrest depriving plaintiff of plaintiff's constitutionally secured 5th Amendment

15 rights.

16 **DEPRIVATION OF RIGHTS**

17      47. Defendant REED's warrantless arrest of plaintiff and defendant REED's willful failure

18 to safeguard plaintiff's aforesaid secured rights throughout defendant REED's approx.50 minute

19 custodial interrogation was under the color of state law and in violation of and damage to plaintiff's

20 constitutionally secured rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the

21 United States Constitution.

22

Case No. 1:14-cv-000106      *Hirsch v. McGUIRE, et al*      Page 10 of 34

1 **RESULT OF FAILURE TO WARN**

2     48. Plaintiff alleges that had plaintiff been <u>Miranda</u> warned of plaintiff's constitutionally

3 secured right to protection against self-incrimination plaintiff would have not confessed involuntarily

4 and defendant REED would have had no reason to search plaintiff's truck for firearms and said

5 arrestable event would not have occurred.

6     **JAIL**

7     49. Defendant REED transported plaintiff to jail following plaintiff's arrest at approximately

8 2:15 p.m. on December 10, 2013.

9     **DAMAGES ALLEGED**

10     (Facts of damages to be determined by jury)

11     50. Defendant REED's alleged violation of and damage to plaintiff's constitutionally secured

12 rights under color of state law in defendant's individual capacity was the proximate cause of

13 additional injury to plaintiff who suffered emotional distress, humiliation, shame, public ridicule,

14 loss of time and interference with business, deprivation of performing familial duties and

15 responsibilities.

16     **COUNT 1**

17     **FALSE ARREST**

18     **RE. DEFENDANT JEFF REED**

19     51. Plaintiff, Arthur Jay Hirsch, realleges paragraphs 1-50.

20     52. This cause of action is for damages due to false arrest and arises pursuant to 42 U.S.C.

21 § 1983 for violation of plaintiff's constitutionally secured rights (Amendments IV, V, VI, XIV)

22 stated above under color of state law in defendant's individual capacity outside of qualified

1   immunity protection.

2        53. On or about December 10, 2013 at approximately 1:00 p.m. at or near the City of

3   Lawrenceburg, Lawrence County, Tennessee defendant JEFF REED, employed as a trooper for the

4   Tennessee Highway Patrol, but acting individually, under color of state law,  willfully and

5   knowingly violated plaintiff's aforesaid constitutionally secured rights by failing to follow clearly

6   established law and arrested plaintiff without probable cause for a traffic stop, by failing to give a

7   Miranda warning prior to initiating an approx. 50 minute custodial interrogation, by intimidating

8   plaintiff during said custodial interrogation, by presuming improper arrest probable cause due to

9   involuntary confession, by seizing plaintiff's property without a search warrant, by failing to give

10  plaintiff a Miranda warning upon plaintiff's arrest, by failing to have a search warrant or arrest

11  warrant,

12       54. Defendant JEFF REED's said acts and omissions were the proximate cause of plaintiff's

13  damage to plaintiff's aforesaid constitutionally secured rights. In addition, plaintiff has suffered

14  emotional distress,. mental suffering, humiliation, shame, public ridicule, loss of time and

15  interference with business, deprivation of performing familial duties and responsibilities.

16       WHEREFORE, for factual allegations stated above, plaintiff, Arthur Jay Hirsch, requests this

17  Honorable Court to waive qualified immunity and enter an Order adjudging defendant JEFF REED

18  in defendant's individual capacity liable to plaintiff, Arthur Jay Hirsch, for a) costs of prosecution,

19  b) compensatory damages, c) punitive damages in the amount of $75,001.00 or a sum  greater or

20  lesser as a jury should determine, d) reasonable attorney fees or equivalent thereof,  together with

21  such other further relief as the Court may deem reasonable and just under the circumstances.

22                                    **VI**
23                     **GENERAL FACTUAL ALLEGATIONS**
24                         **(Pertaining to COUNT 2)**

1      **RE. DEFENDANT JEFF REED**

2      55. Plaintiff realleges paragraphs 1-54, including COUNT 1.

3      **DUE PROCESS DENIED AT JAIL**

4      56. Upon plaintiff's arrival at the jail plaintiff wished to go before a magistrate for a probable

5      cause determination hearing to challenge defendant REED's alleged probable cause and the

6      warrantless arrest.

7      57. Plaintiff had a common law and constitutionally secured liberty right to liberty and to due

8      process to appear before a magistrate for a probable cause hearing.

9      58. Plaintiff's common law and constitutionally secured rights were protected by statutory

10     mandatory RULE 5(a)(1)(B),[7] under T.C.A. 40-7-118c)(6), and under T.C.A. 40-7-120(k)(3) to be

11     promptly taken by defendant REED before a magistrate for a probable cause hearing upon plaintiff's

12     warrantless arrest.

13     59. Defendant REED, individually and willfully under color of state law would not take

14     plaintiff before a magistrate as the law requires.

15     60. The law governing defendant REED's conduct was clearly established so that a

16     reasonable person would have realized that the plaintiff's common law and constitutional rights to

---

[7]

MANDATORY JUDICIAL NOTICE REQUESTED

FACT OF LAW. For a warrantless arrest an initial appearance before a magistrate for a probable cause determination hearing without unnecessary delay is **mandatory** *not* discretionary or optional.

Tennessee Rules of Criminal Procedure ("TRCrP") Rule 5. INITIAL APPEARANCE BEFORE MAGISTRATE. – (a) In General
(1) APPEARANCE UPON AN ARREST. – Any person arrested – except upon a capias pursuant to an indictment or presentment –**shall be taken without unnecessary delay** before the nearest appropriate magistrate of: (A) the county from which the arrest warrant issued; or (B) the county in which the alleged offense occurred **if the arrest was made without a warrant**, unless a citation is issued pursuant to Rule 3.5. (Emphasis added)

1    due process and to liberty were being violated.

2       61. Plaintiff has researched and has found that no common law, constitutional or statutory

3    authority or justification for defendant REED exists for operating outside clearly established

4    mandatory rules of procedure by failing to take plaintiff before a magistrate without unnecessary

5    delay pursuant to said RULE 5(a) and T.C.A. 40-7-118 and -112 cited above.

6                    **FALSE IMPRISONMENT ALLEGED**

7       62. Instead of taking plaintiff before a magistrate as plaintiff wished defendant REED wrote

8    a citation under T.C.A. § 39-17-1307 and for other said alleged transportation misdemeanors and

9    had plaintiff placed in a jail holding cell against plaintiff's will without lawful due process of law.

10      63. Defendant REED abandoned plaintiff, never to return again to take plaintiff before a

11    magistrate for said protective statutory probable cause hearing.

12      64. Plaintiff alleges that defendant REED willfully trespassed on and violated plaintiff's

13    common law and constitutionally secured right to due process and to liberty against plaintiff's will

14    and falsely imprisoned plaintiff.

15      65. Plaintiff was imprisoned for approximately six (6) hours.

16                      **DAMAGES ALLEGED**

17              (Facts of damages to be determined by jury)

18      66. Defendant REED's trespass on and violated plaintiff's common law and constitutionally

19    secured rights to liberty and to due process by false imprisonment against plaintiff's will was the

20    proximate cause of additional injury to plaintiff who suffered emotional distress, humiliation, shame,

21    public ridicule, loss of time and interference with business, deprivation of performing familial duties

22    and responsibilities.

**COUNT 2**

2                              **FALSE IMPRISONMENT**

3                              **DEFENDANT JEFF REED**

4        67. Plaintiff realleges paragraphs 1 - 66, including COUNT 1.

5        68. This action is brought for damages and other appropriate relief due to false imprisonment

6   and arises pursuant to  42 U.S.C. § 1983 for violation of plaintiff's constitutionally secured rights

7   (Amendments IV, V, VI, XIV) stated above  under color of state law in defendant's individual

8   capacity outside of qualified immunity protection; OR IN THE ALTERNATIVE, this cause of action

9   is brought under the common law for the tort of false imprisonment

10  relief under the common law tort of false imprisonment

11       69. On or about December 10, 2013 at approximately 2:15 p.m. at or near the City of

12  Lawrenceburg, Lawrence County, Tennessee defendant JEFF REED, who is employed by the

13  Tennessee Highway Patrol (hereinafter "THP"), but acting in defendant's individual capacity,

14  arrested plaintiff, Arthur Jay Hirsch, without a warrant on a weapons charge and transported plaintiff

15  to the county jail at 240 W. Gaines Street, Lawrenceburg, Tennessee. Defendant REED had plaintiff

16  placed in a jail holding cell against plaintiff's will and violated mandatory statutory rules of criminal

17  procedure by refusing to take plaintiff before a magistrate for a probable cause hearing as plaintiff

18  wished,  and by abandoning plaintiff in a jail holding cell never to returned to take plaintiff before

19  a magistrate.

20       70. Defendant REED willfully failed to take plaintiff before a magistrate for a probable cause

21  determination hearing contrary to plaintiff's wishes, which hearing was plaintiff's constitutionally

22  secured right and protected statutory right of due process under mandatory RULE 5(a)(1)(B) and

23  T.C.A. 40-7-118 and -120 referenced above.

1     71. Plaintiff alleges that defendant REED had no common law, constitutional or statutory

2  authority or justification for failing to take plaintiff before a magistrate without unnecessary delay

3  pursuant to the rule of law.

4     72. Plaintiff alleges that defendant REED willfully trespassed on and violated plaintiff's

5  common law and constitutionally secured right to liberty and to due process and falsely arrested

6  plaintiff against plaintiff's will and causing damage and injury as described above.

7     WHEREFORE, for factual allegations above , plaintiff requests this Honorable Court to

8  waive qualified immunity and to enter an Order adjudging defendant JEFF REED liable to plaintiff,

9  Arthur Jay Hirsch, under 42 U.S.C. § 1983, OR in the alternative, under common law tort of false

10  imprisonment, for a) costs of prosecution, b) compensatory damages while falsely imprisoned, c)

11  compensation for physical and mental suffering due to false imprisonment, d) punitive damages in

12  the amount of $75,001.00 or a sum  greater or lesser as a jury should determine, e) reasonable

13  attorney fees or equivalent thereof, together with such other further relief as the Court may deem

14  reasonable and just under the circumstances.

15                                **VII**

16              **GENERAL FACTUAL ALLEGATIONS**

17               **RE. DEFENDANT WAYNE SELLERS**

18     73. Plaintiff realleges paragraphs 1-72, including COUNTS 1-2.

19     74. *Pro se* plaintiff has become aware that defendant WAYNE SELLERS lacks liability for

20  gross negligence when defendant JEFF REED acted outside defendant REED's official capacity as

21  alleged above.

22

23

**VIII**

**GENERAL FACTUAL ALLEGATIONS**

**(Pertaining to COUNT 3)**

**RE. DEFENDANT PATRICIAL B. McGUIRE**

75. Plaintiff realleges paragraphs 1-74, including COUNTS 1 and 2.

**STATEMENT**

76. On or about December 10, 2013 at approximately 2:15 p.m. and at approximately 6:00 p.m. at or near the City of Lawrenceburg, Lawrence County, Tennessee Defendant PATRICIA B. McGUIRE (hereinafter "McGUIRE"), employed as General Sessions Court Judge, but acting individually under color of state law, willfully and knowingly violated and injured Plaintiff's constitutionally secured right to liberty, to due process, and to the unenumerated right to contract (Amendment IX), beyond the scope of defendant McGUIRE's constitutional and statutory authority, and beyond the scope of defendant McGUIRE's lawful judicial functions.

**EX PARTE HEARING**

77. On December 10, 2013 at approximately 2:15 p.m. plaintiff was brought to the Lawrence County jail by above-mentioned trooper Defendant JEFF REED following plaintiff's warrantless arrest.

78. Defendant REED had plaintiff locked up in a jail holding cell and deprived plaintiff of plaintiff's due process right to be taken before a magistrate for a probable cause determination hearing upon plaintiff's warrantless arrest which was plaintiff's constitutionally secured right.

79. Plaintiff's constitutionally secured due process right is protected by the statutory Tennessee Rules of Criminal Procedure at RULE 5(a)(1)(B). [fn7]

1   80. RULE 5(a) shows that a probable cause hearing before a magistrate after a warrantless

2   arrest is mandatory, not discretionary.

3   81. Defendant McGUIRE conspired with defendant REED and unlawfully held said RULE

4   5(a) probable cause hearing *ex parte* and left plaintiff locked up in a jail holding cell.

5   82. Defendant McGUIRE knew plaintiff was locked up in jail and that plaintiff had a

6   constitutionally secured  and protected statutory due process right to be present at said probable

7   cause hearing but willfully and intentionally did not have plaintiff brought in.

8   83. Defendant McGUIRE acted outside defendant's judicial function by willfully excluding

9   plaintiff from said mandatory statutory probable cause hearing in violation of defendant's duty-

10  bound constitutional oath.

11  84. Defendant McGUIRE's proper judicial function is defined in the Code of Judicial

12  Conduct.

13  85. Defendant McGUIRE violated defendant's judicial function with respect to *ex parte*

14  communications as specified in the Code of Judicial Conduct:

15      Rule 2.9 Ex Parte Communications

16      (A) A judge shall not initiate, permit, or consider ex parte communications, or
17      consider other communications made to the judge outside the presence of the parties
18      or their lawyers, concerning a pending or impending matter.

19  ## DUE PROCESS DENIED

20  86. Defendant McGUIRE willfully and knowingly violated plaintiff's constitutionally secured

21  right to due process per Amendments V and XIV, and plaintiff's statutory due process right per

22  RULE 5(a).

23  87. Defendant McGUIRE acted outside defendant's judicial function by willfully denying

1   plaintiff's due process right to be heard at said mandatory statutory probable cause hearing in

2   violation of defendant's duty-bound constitutional oath.

3       88. Defendant McGUIRE acted outside defendant's judicial function with respect to due

4   process hearings as specified in the Code of Judicial Conduct:

5           Rule 2.6 Ensuring the Right to Be Heard

6           (A) A judge shall accord to every person who has a legal interest in a proceeding, or
7           that person's lawyer, the right to be heard according to law.

8           [1] The right to be heard is an essential component of a fair and impartial system of
9           justice. **Substantive rights of litigants can be protected only if procedures**
10          **protecting the right to be heard are observed**.

11

12      89. Defendant McGUIRE willfully and knowingly failed to safeguard plaintiff's substantive

13  constitutionally secured unalienable rights as mandated in the organic law document, The

14  Declaration of Independence, and in the U.S. Constitution by holding said *ex parte* hearing.

15                          **NO ARREST WARRANT ISSUED**

16      90. The record shows that defendant McGUIRE failed to issue an arrest warrant pursuant to

17  RULE 4 for plaintiff's warrantless arrest outside of statutory and constitutional authority in violation

18  of plaintiff's constitutionally secured rights.

19      91. Plaintiff never received a copy of an arrest warrant (charging instrument) which was

20  supposed to be issued as a result of said *(ex parte)* probable cause hearing which violated plaintiff's

21  Sixth Amendment right.

22      92. Defendant McGUIRE presumed jurisdiction and proceeded against plaintiff without

23  issuing a charging instrument, i.e., an arrest warrant.

24      93. Plaintiff alleges that defendant McGUIRE operating outside constitutional and statutory

25  authority removes the privilege of "absolute immunity."

## FALSIFIED MITTIMUS

94. Defendant McGUIRE falsified the mittimus writ of confinement by certifying with defendant's signature that plaintiff had appeared before defendant when he had not.

## MORE DUE PROCESS VIOLATIONS

95. Defendant McGUIRE's additional violations (acting without an arrest warrant issued) of plaintiff's constitutionally secured right and statutorily protected right to due process includes

a) denied all of plaintiff's motions to dismiss for lack of jurisdiction without allowing a hearing on January 24, 2014, April 11, 2014 and April 28, 2014,

b) presumed jurisdiction upon plaintiff's challenge without supporting facts or law provided by the district attorney,

c) scheduled plaintiff's "initial appearance" for a probable cause determination approx. 42 days after the allowable statutory time period of 72 hours in violation of RULE 5(a)(1)(B),

d) violated all mandatory rules for arraignment procedure per RULE 10, i.e., no charging instrument, no charges read therefrom, no questions of how plaintiff wished to plead, refused to give nature and cause of accusation (Amendment VI and Tenn. Constitution, Article I, Sec. 9),

e) scheduled preliminary hearing approx. 77 days beyond the statutory maximum time period of 30 days per RULE 5c)(2)(A),

f) denied plaintiff's motion for a suppression hearing,

g) showed prejudice, partiality and non-neutrality in proceedings and refused to recuse upon plaintiff's motion for impropriety,

## DUTY TO OBEY THE LAW

96. Defendant McGUIRE has a high constitutional duty-bound oath to obey the law.

1  ", , ,[A]ll members of the Court agreed on this point. . . "The oath of constitutional
2  support requires an individual assuming public responsibilities to affirm . . . that he
3  will endeavor to perform his public duties lawfully."

4  COLE v. RICHARDSON, 405 U.S. 676, 682 (1972)

5

6     97. Defendant McGUIRE has repeatedly disobeyed the law as alleged and should have no

7  right to enjoy the privileged protection of "absolute immunity" when acting outside defendant

8  McGUIRE's constitutional authority and judicial functions.

9                                    **DAMAGES**

10     98. Plaintiff has suffered damages proximately caused by Defendant McGUIRE acting in

11  defendant's individual capacity under color of state law, outside defendant's constitutional authority

12  and outside the scope of defendant's judicial function, depriving plaintiff of plaintiff's liberty right,

13  denying plaintiff's due process right, and in other damages wherein plaintiff suffered emotional

14  distress, mental suffering, shame, humiliation,  loss of time and interruption of business, and

15  deprivation of performing familial duties and responsibilities with respect to caring for plaintiff's

16  handicapped 96 year old mother who was bedridden and terminally ill.

17                                    **COUNT 3**

18                        **DEPRIVATION OF CIVIL RIGHTS**

19                          *– OR IN THE ALTERNATIVE –*

20                        **DECLARATORY JUDGMENT**

21                    **DEFENDANT PATRICIA B. McGUIRE**

22     99. Plaintiff realleges paragraphs 1-98, including COUNTS 1and 2.

23     100. This cause of action arises under 42 U.S.C. § 1983 or 28 U.S.C. § 2201 in the

24  alternative,  for defendant PATRICIA B. McGUIRE's violations in defendant's individual capacity

1 while abusing defendant's official capacity of plaintiff, Arthur Jay Hirsch's, constitutionally secured

2 rights under color of state law, <u>outside constitutional authority,</u> in breach of defendant's

3 constitutional duty-bound oath and beyond the scope of defendant's lawful judicial function as

4 factually alleged above.

5        101. On or about December 10, 2013 at approximately 2:15 p.m. and on January 24, 2014,

6 April 11, 2014, and April 28, 2014 at or near the City of Lawrenceburg, Lawrence County,

7 Tennessee Defendant PATRICIA B. McGUIRE, employed as General Sessions Court Judge, but

8 acting in defendant's individual capacity, willfully violated and injured plaintiff's constitutionally

9 secured right to liberty and to due process enumerated in the U.S. Constitution (Amendments IV,

10 V, XIV), acting under color of state law, beyond the scope of defendant McGUIRE's <u>constitutional</u>

11 <u>authority,</u> and beyond defendant McGUIRE's lawful judicial functions.

12        102. Plaintiff alleges that defendant McGUIRE's unlawful and unconstitutional acts and

13 omissions in breach of defendant's duty-bound oath and outside of defendant's constitutional

14 authority and judicial function removed the rebuttable presumption of "absolute immunity"

15 protection making defendant liable for alleged damages.

16        103. Defendant McGUIRE's unconstitutional acts are factually alleged above.

17        104. Plaintiff has been damaged and injured in plaintiff's constitutionally secured rights by

18 defendant McGUIRE'S willful acts and omissions committed in defendant's individual capacity

19 without constitutional authority, and which proximately caused said damage and injury under color

20 of state law.

21        WHEREFORE, for factual allegations stated elsewhere above, plaintiff, Arthur Jay Hirsch,

22 requests this Honorable Court to waive the absolute immunity privilege and enter its Order adjudging

23 defendant PATRICIA B. McGUIRE liable to plaintiff for damages caused <u>without constitutional</u>

1  authority, outside defendant's judicial function and under color of state law as follows:

2  a) costs of prosecution,

3  b) compensatory damages,

4  c) compensation for physical and mental suffering as determined by a jury,

5  d) punitive damages in the amount of $100,000.00 or a sum greater or lesser as a jury should

6  determine,

7  e) for reasonable attorney fees or equivalent thereof, and

8  together with such other further relief as the Court may deem reasonable and just under the

9  circumstances.

10                                                **OR**

11                                    **IN THE ALTERNATIVE**

12        WHEREFORE, Plaintiff, Arthur Jay Hirsch, requests this Honorable Court to enter its Order

13  for Declaratory Judgment citing findings of fact and conclusions of law in this instant case with

14  respect to answering one, some or all of the following questions:

15        a) Whether or not defendant PATRICIA B. McGUIRE has the constitutional right to enjoy

16  the statutory privilege of "absolutely immunity" from liability, while at the same time, willfully

17  violating plaintiff's constitutionally protected civil rights outside of defendant's constitutional

18  authority, and in breach of defendant's duty-bound oath?

19        b) Whether or not defendant McGUIRE can claim statutory "absolute immunity" protection

20  on the one hand, and flagrantly violate the U.S. Constitution and the Bill of Rights on the other?

21        c) Whether or not plaintiff, Arthur Jay Hirsch, has the right to sue defendant McGUIRE for

22  damages under 42 U.S.C.§ 1983 for violating plaintiff's civil rights under color of state law when

1     defendant clearly acts without constitutional authority.

2         d) In the event the Court grants defendant PATRICIA B. McGUIRE statutory protection of

3     absolute immunity, what is plaintiff Arthur Jay Hirsch's remedy for suffering damage to plaintiff's

4     constitutionally secured rights (e.g. liberty interest, due process, etc.)? i.e., what is plaintiff's just

5     and fair remedy for damages caused by "immune" defendant McGUIRE when defendant acts outside

6     of defendant's constitutional authority?

7                             **IX**

8              **GENERAL FACTUAL ALLEGATIONS**

9                **(Pertaining to COUNT 4)**

10            **RE. DEFENDANT PATRICIA B. McGUIRE**

11         105. Plaintiff realleges paragraphs 1-104, including COUNTS 1-3.

12                        **STATEMENT**

13         106. On or about December 10, 2013 at approximately 6:00 p.m. at or near the City of

14     Lawrenceburg, Lawrence County, Tennessee defendant PATRICIA B. McGUIRE (hereinafter

15     "McGUIRE"), employed as General Sessions Court Judge, but acting in defendant's individual

16     capacity outside defendant's lawful judicial function, willfully and knowingly violated and injured

17     plaintiff's constitutionally secured right to liberty and to plaintiff's unenumerated right to privately

18     contract in business (Amendment IX) acting under color of state law beyond the scope of defendant

19     McGUIRE's constitutional and statutory authority as factually alleged below.

20                    **PRIOR FACTS REALLEGED**

21         107. As factually alleged above defendant McGUIRE willfully deprived plaintiff of plaintiff's

22     due process right to appear at the mandatory statutory probable cause hearing (RULE 5(a)) upon

23     plaintiff's warrantless arrest, and willfully deprived plaintiff of plaintiff's liberty right by falsifying

1  the mittimus writ of confinement, and by having plaintiff incarcerated without issuing an arrest

2  warrant.

3  **ATTEMPT AT MAKING BAIL**

4  108. At the aforesaid *ex parte* probable cause hearing defendant McGUIRE set a high bail

5  amount of $10,000.00 and had plaintiff confined in jail.

6  109. Plaintiff anxiously tried to make bail from jail so plaintiff could return home to care for

7  plaintiff's bedridden terminally ill 96 year old mother.

8  110. Local bail bondsmen told plaintiff that plaintiff must have a co-signer on the unusually

9  high $10,000 bail bond agreement since plaintiff did not have assets sufficient to satisfy a claim.

10  **NON-JUDICIAL INTERFERENCE WITH MAKING BAIL**

11  111. Under color of state law and outside judicial function, defendant McGUIRE called the

12  local bail bond agency that plaintiff was negotiating with on the evening of December 10, 2013 and

13  told the bond agent NOT to allow anyone to co-sign for plaintiff, Arthur Hirsch, on the bond, which

14  would have prevented plaintiff's release from jail for six weeks.

15  112. Upon finally finding a bond co-signer plaintiff called the bail bond company from

16  plaintiff's jail cell phone to follow up on finalizing the details of being bonded out at approximately

17  5:45-6:15 p.m. on said date but was stunned when the female bond agent said to plaintiff

18  *"I'm sorry, but we can't work with you any further. We received a call from the*
19  *court regarding your bond and was told that we were NOT to allow anyone to co-*
20  *sign for Arthur Hirsch to make bail. So, that's it. I'm sorry."*

21  113. To the best of plaintiff's knowledge, information and belief, said bail bond agent was

22  not a law enforcement officer, judicial officer, or state employee.

23  114. Plaintiff alleges that said bail bond company was a private business enterprise.

Case No. 1:14-cv-000106          *Hirsch v. McGUIRE, et al*          Page 25 of 34

1    115. Defendant McGUIRE willfully, knowingly and intentionally acted in bad faith outside

2    defendant McGUIRE's scope of judicial function and without constitutional or statutory authority

3    under color of state law, by interfering with plaintiff's right to liberty and with plaintiff's

4    unenumerated Ninth Amendment right to contract and to freely engage in lawful private business

5    in obtaining a bail bond for plaintiff's release from jail.

6    116. Defendant McGUIRE's said extra-judicial act in defendant's individual capacity under

7    color of state law was the proximate cause of plaintiff's damage to plaintiff's constitutionally secured

8    right to liberty, and to plaintiff's Ninth Amendment right to freely contract and to conduct lawful

9    private business.

10    117. Defendant McGUIRE actively prevented plaintiff from making bail at that time,

11    resulted in hours of unnecessary jail confinement for plaintiff, and injured plaintiff by causing

12    intense emotional distress, mental suffering, shame, humiliation, loss of time and interference with

13    private business, and preventing plaintiff from performing familial duties and responsibilities with

14    respect to care for plaintiff's handicapped 96 year old bedridden mother who was terminally ill at

15    home.

16                                    **COUNT 4**

17                          **DEPRIVATION OF CIVIL RIGHTS**

18                      **RE. DEFENDANT PATRICIA B. McGUIRE**

19    118. Plaintiff realleges paragraphs 1-117, including COUNTS 1-3.

20    119. This action arises under 42 U.S.C. § 1983 for damages and other appropriate relief

21    caused by defendant PATRICIA B. McGUIRE's extra-judicial acts in defendant's individual

22    capacity outside defendant's judicial functions under color of state law in violation of and injury to

23    plaintiff's constitutionally secured right to liberty and right to privately contract and engage in

1    lawful business activities  (Ninth Amendment to the U.S. Constitution)[8].

2        120. On or about December 10, 2013 at approximately 6:00  p.m. at or near the City of

3    Lawrenceburg, Lawrence County, Tennessee defendant PATRICIA B. McGUIRE (hereinafter

4    "McGUIRE"), employed as General Sessions Court Judge, but acting in defendant's individual, non-

5    judicial/extra-judicial capacity,  willfully  and  knowingly  violated  and  injured  plaintiff's

6    constitutionally secured right to liberty and right to privately contract and engage in lawful business,

7    acting  under color of state law beyond the scope of defendant McGUIRE's constitutional and

8    statutory authority, and beyond defendant McGUIRE's lawful judicial functions as factually alleged

9    above.

10       121. Defendant McGUIRE willfully and knowingly interfered with plaintiff's private

11    commercial negotiations to obtain a bail bond contract/agreement which was the proximate cause

12    of damage to plaintiff's right to liberty, right to privately contract and engage in lawful business, and

13    to plaintiff's personal injury as factually alleged above.

14       WHEREFORE, for factual allegations stated elsewhere above, plaintiff requests this

15    Honorable Court to deny defendant PATRICIA B. McGUITE absolute immunity and to enter an

16    Order adjudging defendant PATRICIA B. McGUIRE  liable to plaintiff, Arthur Jay Hirsch, for

17    damages caused by defendant's aforesaid acts in defendant's individual, extra-judicial capacity,

18    without constitutional or statutory authority, and  under color of state law as follows:

19    a) costs of prosecution,

20    b) compensatory damages,

21    c) compensation for physical and mental suffering as determined by a jury,

---

[8]

"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by
the people." U.S. Constitution, Bill of Rights, Amendment IX.

1    d) punitive damages in the amount of $100,000.00 or a sum greater or lesser as a jury should

2    determine,

3    e) for reasonable attorney fees or equivalent thereof, and

4    together with such other further relief as the Court may deem reasonable and just under the

5    circumstances.

6                                              **X**
7                        **GENERAL FACTUAL ALLEGATIONS**
8                           **(Pertaining to COUNT 5)**

9                        **RE. DEFENDANT MIKE BOTTOMS**
10               **AND REPRESENTATIVE STAFF DEFENDANTS**
11                         **JIM WHITE, BRENT COOPER,**
12                    **CHRISTI THOMPSON, CALEB BAYLES**

13        122. Plaintiff realleges paragraphs 1-121, including COUNTS 1-5.

14                                      **STATEMENT**

15        123. Between the time period of December 10, 2013 to on or about July 27, 2014 at or near

16   the City of Lawrenceburg, Lawrence County, Tennessee district attorney general defendant

17   Defendant MIKE BOTTOMS (hereinafter "BOTTOMS") and representative staff of assistant district

18   attorneys general, defendants JIM WHITE, CALEB BAYLES, BRENT COOPER, CHRISTI

19   THOMPSON (hereinafter "DAS"), knew or should have known that the record showed a number

20   of material jurisdictional defects in plaintiff's criminal case proceedings and received copies of

21   plaintiff's pleadings identifying said defects, but conspired with defendant PATRICIA B. McGUIRE,

22   General Sessions Judge, to conceal said material jurisdictional defects, to presumed jurisdiction

23   without hearings on motions to dismiss or providing facts or law to establish, and to violate and

24   damaged plaintiff's constitutionally secured rights under color of state law.

**KNOWLEDGE OF NO ARREST WARRANT**

124. Defendants BOTTOMS and DAS, knew or should have known that the record shows that no arrest warrant had been issued by defendant McGUIRE in plaintiff's case.

**KNOWLEDGE OF LACK OF JURISDICTION**

125. Defendants BOTTOMS and STAFF DAS knew or should have known that without an arrest warrant (i.e., charging instrument) in plaintiff's case the court lacked jurisdiction.

126. Plaintiff challenged the court's jurisdiction and statutory procedural rules violations numerous times by filing motions to dismiss on the record.

127. Plaintiff served defendant BOTTOMS and his STAFF DAS with copies of plaintiff's pleadings.

**DUE PROCESS HEARINGS DENIED**

**PRESUMED JURISDICTION**

128. Defendants BOTTOMS and DAS knew or should have known that plaintiff was unlawfully denied an appearance at the aforesaid initial appearance hearing for probable cause determination in violation of said RULE 5(a).

130. Defendants BOTTOMS and DAS knew or should have known that defendant McGUIRE denied all plaintiff's motions to dismiss for lack of jurisdiction without a hearing and presumed jurisdiction without facts or law in support.

131. Neither defendant BOTTOMS nor any of DAS bore the burden of proof of establishing subject matter jurisdiction with facts and law in answer to plaintiff's said numerous challenges by motions to dismiss.

132. Defendant BOTTOMS and DAS willfully and knowingly presumed jurisdiction without

1    proof and pushed for plaintiff's criminal prosecution, nevertheless.

2    133. Defendants BOTTOMS and STAFF DAS knew or should have known that without an

3    arrest warrant being issued following a warrantless arrest and probable cause validated the state

4    must terminate plaintiff's case.

5    **AFFIDAVIT OF COMPLAINT IN LIEU OF ARREST WARRANT**

6    134. Defendants BOTTOMS and DAS knew or should have known that an affidavit of

7    complaint was entered on the record in lieu of an arrest warrant.

8    135. Defendants BOTTOMS and DAS knew or should have known that an affidavit of

9    complaint is not a charging instrument, whereas an arrest warrant is a charging instrument.

10    **KNOWLEDGE OF RULES VIOLATIONS**

11    136. Defendants BOTTOMS and DAS knew or should have known that defendant McGRIRE

12    lacked jurisdiction to schedule hearings on January 24, 2014, April 11, 2014 and April 28, 2014 per

13    RULE 5(a)(1)(B) and RULE 5c)(2)(A) but participated in the last two hearings anyway under

14    presumed jurisdiction.

15    137. Defendants BOTTOMS and DAS knew or should have known that defendant

16    McGUIRE, besides not having jurisdiction, scheduled the aforesaid hearings outside the mandatory

17    statutory limits of RULE 5.

18    138. Defendants BOTTOMS and DAS conspired with defendant McGUIRE to willfully and

19    knowingly trespass, deny, deprive and/or violate plaintiff's constitutionally secured rights.

20    139. Defendant McGUIRE conspired with the assistant district attorneys general, defendant

21    CHRISTI L. THOMPSON (hereinafter "THOMPSON") and defendant CALEB BAYLES

22    (hereinafter"BAYLES" - co-counsel of record for said hearing) to harm plaintiff and damage

1    plaintiff's constitutionally secured rights at the April 11, 2014 hearing.

2        140. Defendant THOMPSON brushing aside plaintiff's jurisdictional challenge, unlawfully

3    presumed jurisdiction, and argued for the preliminary hearing proceedings to begin immediately

4    under color of state law.

5        141. Defendant McGUIRE and defendants THOMPSON and BAYLES conspired together

6    at April 11, 2014 hearing and willfully and knowingly acted outside the law under color of state law

7    by proceeding to damage plaintiff in plaintiff's constitutionally secured right to due process and right

8    to equal protection of the law and violated Rule 5c)(2)(A) to plaintiff's prejudice and injury.

9        142. On April 28, 2014 plaintiff appeared in court for the "preliminary hearing."

10       143. Defendant McGUIRE again denied plaintiff's last motion to dismiss for lack of

11    jurisdiction and continued to presume jurisdiction without facts or law establishing it.

12       144. Defendant JIM WHITE asserted at said April 28th hearing that the court had jurisdiction

13    but failed to provide any facts or law in support thereof.

14                                    **COUNT 5**

15                              **DECLARATORY JUDGMENT**

16                    **RE. DEFENDANTS MIKE BOTTOMS, JIM WHITE,**

17            **BRENT COOPER, CALEB BAYLES, CHRISTI THOMPSON**

18       145. Plaintiff realleges paragraphs 1-144, including COUNTS 1-4.

19       146. This action arises under 28 U.S.C. § 2201 for declaratory judgment concerning plaintiff,

20    Arthur Jay Hirsch's, constitutionally secured rights to due process, to equal protection and to liberty

21    allegedly violated by defendants MIKE BOTTOMS, JIM WHITE, BRENT COOPER, CALEB

1    BAYLES, and CHRISTI THOMPSON[9] willful acts and omissions under color of state law.

2          147. Between the time period of December 10, 2013 to on or about July 27, 2014 at or near

3    the City of Lawrenceburg, Lawrence County, Tennessee district attorney general defendant

4    Defendant MIKE BOTTOMS (hereinafter "BOTTOMS") and representative staff of assistant district

5    attorneys general, defendants JIM WHITE, CALEB BAYLES, BRENT COOPER, CHRISTI

6    THOMPSON (hereinafter "DAS"), violated plaintiff's constitutionally secured rights under color

7    of state law. Defendants' willful acts and omissions in violation of plaintiff's said constitutionally

8    secured rights are the proximate cause of damage claimed and are factually alleged above.

9          WHEREFORE, Plaintiff, Arthur Jay Hirsch, requests this Honorable Court to enter its Order

10   for Declaratory Judgment citing finding of fact and conclusions of law  in this instant case with

11   respect to answering one, some  or all of the following questions relating to determining legal rights:

12         a) Whether or not the seven defendants herein have the right to enjoys the statutory privilege

13   of "absolute immunity" from liability, while at the same time, willfully violating plaintiff's

14   constitutionally protected civil rights outside of said seven defendants' constitutional and statutory

15   authority, and in breach of defendants' duty-bound constitutional oaths?

16         b) Whether or not the seven above named defendants can claim the statutory privilege of

17   "absolute immunity" protection on the one hand and flagrantly violate the U.S. Constitution and the

_____

9

Plaintiff informed all the above named defendants regarding the lack of jurisdiction and rules violations by serving them copies of plaintiff's pleadings challenging the same. Defendant MIKE BOTTOMS did not physically appear in court at plaintiff's hearings but is presumed to be in charge of plaintiff's case and fully aware of the applicable factual allegations made herein. In like manner, plaintiff alleges that assistant district attorney defendant BRENT COOPER was informed and responsible to the same degree of the above facts alleged as were the other defendants. Though he did not personally appear at plaintiff's hearings plaintiff sent him a personal letter in addition to plaintiff's pleadings so defendant COOPER was noticed of all pertinent facts relative to lack of jurisdiction and rules violations.

1    Bill of Rights on the other?

2        c) Whether or not plaintiff, Arthur Jay Hirsch, has the right to sue for damages against the

3    seven defendants under 42 U.S.C.§ 1983 for violating plaintiff's constitutionally secured rights

4    under color of state law when defendants acted without their constitutional or statutory authority.

5        d) What just and fair remedy is available to plaintiff, Arthur Jay Hirsch, if absolute immunity

6    is granted and plaintiff's civil rights have been violated and damaged?

7    Date: _Sept. 26, 2014_          By: _Arth Hirsch_

8                                    Arthur Hirsch

9                                    1029 W. Gaines Street

10                                   Lawrenceburg, TN 38464

11                                   310-948-1668

12

13   I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge,
14   information and belief.

15

16

17                                   _Arth Jay Hirsch_

18                                   Arthur Jay Hirsch

19

20

21

22

23

24

25

26

27

28

29

1
2                    CERTIFICATE OF SERVICE
3
4    The undersigned hereby certifies that the foregoing AMENDED VERIFIED COMPLAINT has been
5    served on:
6
7    (Counsel for Defendant PATRICIA B. McGUIRE)
8    MARK NOLAND
9    BATSON NOLAND PLC
10   121 South Third Street
11   Clarksville, Tennessee 37040
12
13   (Counsel for Defendants JEFF REED, WAYNE SELLERS, MIKE BOTTOMS, JIM WHITE,
14   BRENT COOPER, CHRISTI THOMPSON, CALEB BAYLESS)
15   DAWN JORDON
16   Senior Counsel
17   Civil Rights and Claims Division
18   P.O. Box 20207
19   Nashville, TN 37202-0207
20
21
22
23   on the 26 day of September, 2014.
24
25                                        _____Arthur Hirsch_____
26                                             Arthur Hirsch
27
28
29
30
31
32

Case No. 1:14-cv-000106            *Hirsch v. McGUIRE, et al*            Page 34 of 34