IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ARTHUR JAY HIRSH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-00106 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| PATRICIA B. McGUIRE, in her official | ) | |
| capacity, as General Sessions Court Judge, | ) | |
| Lawrence Co., Tennessee; MIKE C. BOTTOMS, | ) | |
| in his official capacity, as District Attorney | ) | |
| General, Lawrence Co., Tennessee; | ) | |
| CALEB BAYLES, in his official capacity, as | ) | |
| Assistant District Attorney General, Lawrence | ) | |
| Co., Tennessee; BRENT COOPER, in his | ) | |
| official capacity, as Assistant District Attorney | ) | |
| General, Lawrence Co., Tennessee; | ) | |
| CHRISTI L. THOMPSON, in her official capacity, | ) | |
| as Assistant District Attorney General, | ) | |
| Lawrence Co., Tennessee; JIM WHITE, in his | ) | |
| Official Capacity, as Assistant District Attorney | ) | |
| General, Lawrence Co., Tennessee; JEFF REED, | ) | |
| in his official capacity, official capacity as | ) | |
| Tennessee State Trooper; and WAYNE SELLERS, | ) | |
| in his official capacity, as Tenn. Highway | ) | |
| Patrol Commander, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Arthur Jay Hirsh, filed this pro se action under 42 U.S.C. § 1983 against the

Defendants: Patricia B. McGuire, in her official capacity, as General Sessions Court Judge,

Lawrence County, Tennessee; Mike C. Bottoms, in his official capacity, as District Attorney

General, Lawrence County, Tennessee; Caleb Bayles, in his official capacity, as Assistant

District Attorney General, Lawrence County, Tennessee; Brent Cooper, in his official capacity,

1

as Assistant District Attorney General, Lawrence County, Tennessee; Christi L. Thompson, in her official capacity, as Assistant District Attorney General, Lawrence County, Tennessee; Jim White, in his official capacity, as Assistant District Attorney General, Lawrence County, Tennessee; Jeff Reed, in his official Capacity, as a Tennessee State Trooper; and Wayne Sellers, in his official capacity, as Tennessee Highway Patrol commander.

Plaintiff asserts claims arising out of his 2013 state criminal proceeding and alleges that one or more the various Defendants violated Plaintiff's Fourteenth Amendment's right to due process and equal protection of the laws; Plaintiff's Fifth Amendment right against self-incrimination; Plaintiff's Sixth Amendment rights to be informed of the nature and cause of the accusation(s), to have a copy of the accusation(s) and right to confront witnesses against the accused.

Before the Court are the following motions: Defendant Seller's motion to dismiss for failure to state a claim (Docket Entry No. 12); Plaintiff's motion for leave to file electronically (Docket Entry No. 17); Defendant Reed's motion to dismiss for failure to state a claim (Docket Entry No.18); Defendants Bayles, Bottoms, Cooper, Thompson and White motion to dismiss for failure to state a claim and motion to dismiss for lack of jurisdiction (Docket Entry No. 21); Defendant McGuire's motion to dismiss for failure to state a claim (Docket Entry Nos. 24 and 28); Defendant Reeds' motion to dismiss amended complaint (Docket Entry No. 29); and Defendants Bayles, Bottoms, Cooper, Thompson and White motion to dismiss amended complaint (Docket Entry No. 31).

From the Court's review, Plaintiff claims implicate the validity of the state criminal proceedings against him. In such instances, Plaintiff cannot maintain this action under 42 U.S.C.

§ 1983. Under Heck v. Humphrey, 512 U.S. 477 (1994), in a Section 1983 action, where if the relief awarded would be vacate or invalidate a state conviction, then dismissal of the Section 1983 claims is required unless (1) the state conviction had been previously vacated or invalidated, or (2) the claim is for a Fourth Amendment claim that had been properly preserved.

> **We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.** A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. . . .
>
> * * *
>
> . . . Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus . . . Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen . . .

Id. at 486-87, 489 (emphasis added). Neither exception is applicable here.

In a word, the Court in Heck emphasized that a § 1983 claim does not exist until a conviction is legally eliminated:

> In another respect, however, our holding sweeps more broadly than the approach respondents had urged. **We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.** Even a prisoner who

3

> has fully exhausted available state remedies has no cause of action under a § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

Id. at 489 (emphasis added).

The Court concludes that Plaintiff's claims are controlled by Heck and this action must be dismissed without prejudice to the merits of Plaintiff's claims.

An appropriate Order is filed herewith.

ENTERED this the 21st day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge